### GOETZMAN CO. *v.* UNITED STATES (No. 2228).[1]

EVIDENCE, BURDEN OF PROOF—SHORTAGE.

The examiner's return and the appraiser's report at the port of entry showed a certain quantity of wheat and screenings in a car, and duty was assessed accordingly. The importer, claiming shortage, must overcome the presumed correctness of these officers' findings by showing that a smaller quantity arrived at the port of entry. This is not shown by a certificate of the State weighmaster that upon arrival at an interior city the car contained a certain smaller quantity and a letter from him stating that he removed Canadian Pacific Railway seal No. 5630022 from the car and made his inspection four days after entry of the car into this country. The evidence is consistent with the theory that the shortage occurred between the entry port and the interior city.

### United States Court of Customs Appeals, May 24, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45360.

[Affirmed.]

*Ralph B. Stephens* for appellant.
*William W. Hoppin,* Assistant Attorney General, for the United States.

[Oral argument May 8, 1923, by Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

A carload of wheat was entered on September 27, 1921, at Noyes, Minn., a subport of Pembina, N. Dak. The examiner's return and the appraiser's report, dated December 20, 1921, show that the importation contained 1,583 bushels, of which 1,519 bushels was wheat and 64 bushels screenings. Duty was assessed on the wheat at the rate of 35 cents per bushel under the emergency tariff act and on the screenings at 10 per cent ad valorem under paragraph 385 of the tariff act of 1913. The duties assessed were paid at the time of entry.

The weighmaster of the State of Minnesota issued a certificate to the importer dated at Minneapolis, October 7, 1921, from which it appears that the car on arrival at Minneapolis contained 84,000

---
[1] T. D. 39661.

pounds of wheat, or 1,400 bushels, at the rate of 60 pounds to the bushel.

A letter of the State weighmaster, dated September 10, 1921, and accepted in evidence, discloses that he removed Canadian Pacific Railway seal No. 5630022 from the car containing the wheat and made his inspection on the 1st of October, four days after entry at Noyes.

R. B. Stevens, a witness for the importer, testified that on arrival of the car at destination the seals were found unbroken. The following questions were then propounded to the witness and the following answers made:

By General Appraiser ADAMSON:

Q. Did you see the seals?—A. No, sir.

Q. I don't see how you can testify to that.—A. I am testifying what this paper shows. [Referring to the weighmaster's letter.]

Q. You have no business telling what that paper shows.—A. This other fact is not shown. The Soo seal No. 524926 was a seal put on at Noyes and investigated by me.

Q. Did you see the seal on it.—A. No, sir.

General Appraiser ADAMSON:

I will rule that out.

On this state of facts the importer claimed that duties were assessed on more wheat and screenings than was actually imported and that it was entitled to a return of the duties charged and collected on the shortage.

The Board of General Appraisers overruled the protest and the importer appealed.

From the report of the deputy collector at Noyes, the examiner's return, and the appraiser's report, it appears that 1,519 bushels of wheat and 64 bushels of screenings were imported at Noyes. It must be presumed, in the absence of any evidence to the contrary, that the customs officials at Noyes did their duty and that the quantities reported by them are correct. There is no evidence whatever which shows or even tends to show that the quantity of wheat and screenings imported at Noyes was less than that on which duty was assessed.

Importer's witness Stevens did not know of his own knowledge what seal was put on at Noyes and made no offer to testify that the Soo seal was put on at Noyes under customs supervision. For all that he knew the seal put on the car after the goods were inspected may have been removed and the Soo seal substituted.

The finding of the deputy collector on the report made to him by the examiner and the appraiser made it incumbent on the importer to establish by proper evidence that the number of bushels which actually arrived at Noyes was less than the number of bushels on which duty was charged. The importer having failed to make that showing, the decision of the Board of General Appraisers must be *affirmed.*